FILED
SUPERIOR COURT
OF GUAM

2022 SEP -9 PM 4: 26

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J. B. BORJA, in his capacity as Director of Land Management, <br><br> Plaintiff, <br><br> and <br><br> GUAM WATERWORKS AUTHORITY, a Guam Public Corporation, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION, <br><br> Defendants. | **Superior Court Case No. CV1198-18** <br><br><br> **DECISION AND ORDER DENYING CORE TECH INTERNATIONAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT AGAINST GOVERNMENT OF GUAM AND THE DIRECTOR OF THE DEPARTMENT OF LAND MANAGEMENT** |

The Court here considers Defendant Core Tech International Corporation's Motion for Summary Judgment against Plaintiff Government of Guam and the Director of the Department of Land Management (DLM). Having reviewed the briefs and the parties' arguments, the Court determines that neither the Government's nor DLM's claims are barred by the doctrine of res judicata as codified in 6 GCA § 4209. Core Tech's Motion is therefore DENIED.

## I.   PROCEDURAL BACKGROUND

The motion requires a review and comparison of this case with an earlier lawsuit filed by the Government--*Government of Guam v. Torres, et al.*, CV1124-09.

### A. CV1124-09

In 2009, the Government of Guam sued the Estate of Jose Martinez Torres and Kil Koo Yoon to quiet title to Lot AL-002 and other lots. This followed an earlier attempt by the Government to intervene in *In the Matter of the Estate of Jose Martinez Torres*, PR0220-50. The Government asserted that in 2006, the Guam Ancestral Lands Commission (GALC) awarded the properties to the Torres Estate but imposed a condition that a court reviews the evidence of title and make a final decision. CV1124-09 (Compl. ¶ 9 (July 24, 2009)). The Government alleged that the Torres Estate's lawyers drafted and presented a deed to the GALC but omitted this condition. *Id.* ¶¶ 11-17. The Government sought reformation of the executed deed on this basis. *Id.* It acknowledged, however, that the Torres Estate already sold the lots to Yoon. *Id.* ¶ 22. Later in the litigation, the Government withdrew its claim against Yoon and instead alleged that he was a bona fide purchaser. CV1124-09 (Second Am. Compl. (Feb. 16, 2010)).

In a July 29, 2010 Decision and Order, the court dismissed the reformation claim regarding Lot AL-002. The court determined that the Government had not pled a cause of action to support a revision or reformation of the deed to Lot AL-002. Moreover, unlike the other lots at issue, because the Government admitted that Yoon was a bona fide purchaser of Lot AL-002, leave to amend would be futile. CV1124-09 (Dec. and Order at 14 (July 29, 2010)). In other words, the Court dismissed the cause of action as to Lot AL-002 without leave to amend. The Government did not appeal this ruling. The court preserved other causes of action for a declaratory judgment, quiet title, and a constructive trust. The remaining causes of action were eventually dismissed after an appeal. In its opinion, the Guam Supreme Court noted that the Government attempted to raise other arguments for the first time on appeal. *Gov't of Guam v. Gutierrez ex rel. Torres*, 2015 Guam 8 ¶¶ 21-22. The court rejected those efforts. *Id.*

## B. CV1198-18

In 2018, the Government and DLM filed the present Petition seeking to cancel and amend Certificates of Title (COTs) regarding existing COTs pertaining to Lot 10184, Dededo. Pet. (Dec. 17, 2018). Lot 10184 is derived from Lot AL-002. Pet. ¶ 18; *see also* Dec. and Order at 8-9 (Nov. 30, 2021) (acknowledging the same as an undisputed fact). The Government and DLM listed as adverse parties Core Tech and Younex Enterprises Corporation. *Id.*

DLM's Petition contends that in 2010, the registrar erroneously issued a series of COTs. First, he erroneously created COT 124964 indicating that the title to Lot 10184 was in the United States. Pet. ¶ 23. Second, he erroneously created COTs 124965-124972 indicating title under the Torres Estate. Pet. ¶ 25. Third, he erroneously created COTs 124977-124984 indicating title under Kil Yoo Yoon. Pet. ¶ 26. Fourth, he erroneously created COTs 124988-124995, 133787, and 133790 indicating title under Younex. Pet. ¶¶ 27, 28.

DLM asks to cancel, amend and rescind the COTs because they fail to consider various interests, easements, rights of way, and other restrictions. Pet. ¶¶ 29, 37. Such omissions include but are not limited to easements, rights of way, and other restrictions in the GALC deed to the Torres Estate. Pet. ¶ 16.

Upon motion and non-opposition by DLM and Core Tech, GWA intervened and filed a Petition to Quiet Title. GWA alleged that Core Tech's claim of ownership of Lot 10184 is adverse to its own claim. Pet. Quiet Title ¶ 30 (Apr. 17, 2019). GWA sought a declaration of its interests in Lots 10184, 10193, and 10194. Core Tech later counterclaimed for inverse condemnation and declaratory judgment. Am. Answer (Jan. 10, 2020); Second Am. Answer (July 6, 2020).

Core Tech now moves for summary judgment on the Petition to Cancel and Amend COTs. It asserts that the Government and DLM are barred from relitigating the ownership of the properties. In response, the Government and DLM contend that this action is merely to correct the COTs and not to litigate ownership interests. They also point to earlier efforts to dismiss Core Tech's counterclaims and drop GWA as a party--an effort denied by this Court. Dec. and Order Re DLM's Mot. Dismiss and Mot. Strike (June 22, 2020). It also asserts that there is no res judicata or section 29195 bar stemming from CV1124-09.

## II. LAW AND DISCUSSION

### A. Summary Judgment Standard

Under Guam Rule of Civil Procedure 56(c),[1] summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine "dispute as to any material fact." GRCP 56(c). The "materiality" of particular facts is determined by the pleadings and the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Finally, the Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

### B. The Test for Res Judicata Preclusion

Core Tech contends that summary judgment must be rendered against DLM and the Government because of their involvement in a prior related lawsuit. As a preliminary note, Core Tech did not raise res judicata as an affirmative defense, in violation of Guam Rule of Civil

---

[1] In 2022, the Guam Rules of Civil Procedure were modified. This Decision and Order references the earlier version in place at the time the motion was taken under advisement.

Procedure 8(c). *See generally* Second Am. Answer. Failure to raise res judicata as an affirmative defense may amount to its waiver. *See In the Application of Leon*, 2001 Guam 22 ¶ 19. However, the Government and DLM do not oppose the motion based on Core Tech's failure to list res judicata as an affirmative defense. Therefore, the Court will not address whether Core Tech waived this affirmative defense and instead will analyze the issue on its merits.

"Res judicata . . . expresses no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." *Wheeler v. Beachcroft, LLC*, 129 A.3d 677 (Conn. 2016). Guam codified the principles of res judicata in 6 GCA § 4209. The Guam Supreme Court requires that to establish res judicata claim preclusion, a movant must demonstrate an identity of the parties or their privies in the two suits, an identity of the causes of action among the two cases, and a final judgment on the merits in an earlier suit. *Perez v. First Net Insurance Co.*, 2009 Guam 17 ¶ 20.

### 1. One of Two Plaintiffs Is an Identical Party.

The Court first addresses whether the parties or their privies are identical in the two suits. "Claim preclusion applies only to those parties who were adversaries in the first lawsuit." *Presto v. Lizama*, 2012 Guam 24 ¶ 32. On this point, the Court finds a distinction between the two plaintiffs: DLM and the Government. While both are plaintiffs here, only the Government participated in CV1124-09, making it an identical party in this lawsuit.

In contrast, DLM did not have any role in CV1124-09. In this case, DLM acts as the registrar who has standing to file this action under section 29125:

> A registered owner or other person in interest or the registrar, may at any time apply by petition to the court, upon the ground that registered interests of any description, whether vested, contingent, expectant, or inchoate, have terminated and ceased, or that new interests have arisen or memorial has been made, entered, endorsed, issued or cancelled by mistake, . . . or upon any other reasonable ground, for an order summoning all persons registered as interested in the lands to

which such certificate or memorial relates, to . . . show cause why such omission or mistake or change or alteration should not be corrected or made.

21 GCA § 29125; Pet. ¶ 4. Because DLM had no role or participation in CV1124-09, res judicata does not bar it from pursuing the present action.

### 2. The Issues are Not Substantially Identical nor Arise from the Same Nucleus of Facts.

Next, the Court addresses whether there is an identity of the causes of action between the two cases. Absolute identity is not required; instead, the causes of action can be identical or substantially identical. *Presto*, 2012 Guam 24 ¶ 32. On this factor, Core Tech also argues that even if the issues are not identical, the final judgment issued in CV1124-09 binds this case: "a final judgment extinguishes all claims with respect to all or any part of the transaction, a series of connected transactions out of which the previous action arose." Mot. at 10 (Mar. 31, 2021) (citing *Trans. Pac. Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 20). *Trans. Pac. Export Co.* references the Restatement (Second) of Judgments § 24, which dictates a pragmatic inquiry into whether the causes of action are identical.

In *Gillmor v. Family Link, LLC*, 284 P.3d 622 (Utah 2012), the Utah Supreme Court adopted this same pragmatic approach to examining whether res judicata precluded a quiet title action. Under this method, the court examines whether the two cases are related in time, space, origin, or motivation, though no single factor is determinative. *Id.* at 627. Using these factors, the court in *Gillmor* found that a second litigation involving the same property was not barred by res judicata, even though some of the claims could have been raised in the first suit. *Id.* at 628-29. *See also Wheeler*, 129 A.3d 677 (following the Restatement and holding that there must be a "significant overlap" of issues to bar a later action).

Using the Restatement's pragmatic approach as elaborated upon in other jurisdictions, the Court finds that this case and CV1124-09 differ on at least two factors. The first is the

motivations underlying the two lawsuits. CV1124-09 pertained to a narrow aspect of Lot AL-002's chain of title—specifically, whether the GALC deed was incomplete without the condition that a court reviews the Torres Estate's claims. CV1124-09, however, did not appear to involve the myriad of other issues pertinent to title that the Government (and now GWA and even Core Tech) raise. Also, the prior action sought to reform a deed, not to correct or amend COTs.

The cases also differ with respect to time. CV1124-09 solely concerns the completeness of GALC's deed in 2006. In contrast, the present Petition asks the Court to consider the full chain of title, going back to 1980 (if not earlier) when the United States initially leased the property to the Government of Guam. Even if the Government could have raised these issues in CV1124-09, there was not enough of an overlap of issues between the two cases for the court's decisions in CV1124-09 to bind the present parties.

Core Tech also cites *Petition of Government of Guam v. Cruz*, 869 F.2d 1326 (9th Cir. 1989) as controlling. In *Cruz*, the Government and Ramon Cruz owned adjoining properties and had COTs indicating overlapping boundaries. Cruz succeeded in a petition to correct one of his certificates, and the Government did not appeal. Cruz filed a second action to establish title to a different tract. The Government initially objected to certain maps but withdrew its petition. The court granted the second petition, which the Government appealed but lost due to a failure to prosecute the appeal. *Id.* at 1326-27.

Subsequently, the Government bulldozed and constructed buildings on a portion of the disputed land. Cruz filed a formal complaint, and the Government responded by filing an action to amend various COTs. The Ninth Circuit held that the statutory provisions allowing a

certificate to be corrected do not allow a party to challenge a decision made in a prior registration proceeding in which that party appeared and filed objections. *Id.* at 1327.

Unlike in this case, the earlier lawsuits in *Cruz* directly concerned the underlying certificates of title. In those cases, the Government had the opportunity and the obligation to bring forth its arguments disputing Cruz's title. Its later petition to amend the COTs was prohibited because of the earlier foregone opportunities.

The instant case presents a different set of circumstances, however. CV1124-09 concerned the reformation of a deed based on certain GALC-imposed conditions; it did not pertain to an amendment or rescission of a certificate of title. The Court does not find that the Government's participation in CV1124-09 amounted to its waiver of any rights to participate in this case.[2]

### 3. It is Not Necessary to Review the Existence of a Final Judgment.

The third factor of the res judicata test is whether there was a final judgment on the merits. There appears to be no dispute that the court in CV1124-09 issued a Decision and Order on July 29, 2010, dismissing the cause of action of reformation regarding Lot AL-002. There being no further prosecution of a claim regarding Lot AL-002, the Decision and Order resulted in a final judgment on the merits. However, having determined that DLM is not a party to the prior action, and that there is not a substantial identity of issues, this final factor does not change the Court's analysis.

### C. A Separate 21 GCA § 29195 Relitigation Analysis is Unnecessary.

---

[2] While the Government may not be precluded from litigating this action, it may nonetheless be estopped from taking positions contrary to those asserted in CV1124-09, such as the status of Yoon as a bone fide purchaser.

Core Tech raises an additional argument for preclusion of the current case under 21 GCA § 29195, relying on the Ninth Circuit's holding in *Cruz*. However, as discussed above, *Cruz* merely involved applying res judicata to a prior version of 21 GCA § 29195. *Id.* at 1328. Therefore, all necessary discussion related to this claim is included under the res judicata analysis above.

### D.  The Government's Counter-Motion for Summary Judgment

In its Opposition, the Government counter-moves for summary judgment on the basis that Core Tech is not a bona fide purchaser and, therefore, not entitled to a Certificate of Title. The Court does not fully understand this request as Core Tech has not received a Certificate of Title nor requested one in its Second Amended Complaint. Nonetheless, the state of title remains an issue in active litigation following the Court's November 30, 2021 Decision and Order on GWA's motion for summary judgment and pending motions addressing GWA's pleadings. The Court therefore defers a ruling on the counter-motion.

## IV.  <u>CONCLUSION AND ORDER</u>

Because DLM was not involved in prior litigation involving the property at issue, it is not precluded from pursuing its Petition under res judicata. Additionally, because the claims in CV1124-09 and the present case are different, the Government is not barred by res judicata. Core Tech's motion against DLM and the Government is therefore DENIED.

SO ORDERED this 9th day of September 2022.

ELYZE M. IRIARTE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*AG's, V. Leon Guerrero,*
*T. Rojas, V. Williams*
Date: 9-9-22   Time: 4:30pm
*M*
Deputy Clerk, Superior Court of Guam

.

Appearing Attorneys:
James L. Canto, II, Esq., Assistant Attorney General, Office of the Attorney General, for the
     Government of Guam and the Director of Land Management
Theresa G. Rojas, Esq., Guam Waterworks Authority, and Vincent Leon Guerrero, Esq., Law
     Office of Vincent Leon Guerrero, for Guam Waterworks Authority
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International
     Corporation